UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL K.,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 3:25-CV-5308-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

**I.      Factual and Procedural History**

Plaintiff protectively filed a claim for SSI on April 16, 2020, alleging disability beginning on October 1, 2019.[2] Dkt. 7, Administrative Record ("AR"), 302–03, 472–78, 488–90. His application was denied at the initial level and on reconsideration. AR 324, 339. He requested a hearing before an ALJ, which took place on September 21, 2021. AR 298–323, 374–77. Plaintiff was represented by counsel at the hearing. *See* AR 298. On October 29, 2021, the ALJ issued an unfavorable decision denying benefits. AR 128–47. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7, 466–70. Plaintiff appealed to this Court. AR 1475–76.

On June 30, 2023, the Court reversed and remanded the Commissioner's decision pursuant to the stipulation of the parties. AR 1477–85. In accordance with the Court's order, the Appeals Council vacated the decision and remanded the case to an ALJ for a new hearing. AR 1488–94. Another hearing was held on January 6, 2025, at which Plaintiff was again represented by counsel. AR 1419–47. On January 31, 2025, the ALJ issued an unfavorable decision denying benefits. AR 1390–1418. Plaintiff appealed to this Court for review. *See* Dkts. 1, 5.

In the final decision dated January 31, 2025, the ALJ found Plaintiff had the severe impairments of degenerative disc disease – cervical with radiculopathy, status post cervical fusion, peripheral neuropathy, carpal and cubital tunnel syndrome, depressive disorder, anxiety disorder, somatic symptom disorder, and substance abuse/addiction – cannabis. AR 1395.

---

[2] Although Plaintiff's initial application claimed disability beginning August 10, 2010, Plaintiff later amended his alleged date of disability onset to October 1, 2019. *See* AR 302–03, 472–78, 488–90.

Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain caveats:

> [T]he individual can stand and walk 4 hours in an 8 hour day. The individual can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can occasionally stoop, kneel, crouch, but never crawl. The individual can occasionally reach overhead bilaterally. The individual can frequently handle and finger bilaterally. The individual can tolerate occasional exposure to extreme cold, and to vibration. The individual can tolerate occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery. The individual can perform simple, routine tasks, and can tolerate occasional interaction with coworkers, supervisors, and the general public. The individual can tolerate occasional changes to work routines and work processes. The individual requires regular work breaks at 2-hour intervals.

AR 1397–98.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.  Discussion

Plaintiff contends the ALJ erred in evaluating certain medical opinion evidence and Plaintiff's testimony about the severity of his symptoms. Dkt. 15 at 1. He contends the proper remedy for these errors is remand for an award of benefits or, in the alternative, remand for further proceedings. *Id.* at 2, 18.

####    A.  *Medical Opinion Evidence – Dr. Wheeler*

Plaintiff argues the ALJ erred in evaluating medical opinion evidence from Kimberly Wheeler, Ph.D.; David T. Morgan, Ph.D.; Reginald Adkisson, Ph.D.; and Omar Gonzalez, PA-C. Dkt. 15 at 1.

When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–

---

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Wheeler performed a psychological evaluation of Plaintiff on September 28, 2021. AR 1384. Her opinions were based on a telephonic clinical interview of Plaintiff and review of "DSHS March 2020 case notes." AR 1384, 1387. Dr. Wheeler noted Plaintiff's diagnoses of social anxiety and major depression, and she described Plaintiff's symptoms of depression, anxiety, and anger at others. AR 1385. Plaintiff experienced thoughts of wanting to hurt others when his depression was more severe, although he stated he did not act on those thoughts. *Id.* He also claimed heightened anxiety when around groups of people, stating he shopped in off-hours to avoid others and describing leaving money on a restaurant table and walking out abruptly. *Id.*

Dr. Wheeler opined Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes, communicate and perform effectively, and maintain appropriate behavior in a work setting; complete a normal workday and work week

without interruptions from psychologically based symptoms; and set realistic goals and plan independently. AR 1386. She opined he had moderate limitations in his ability to understand, remember and persist in tasks by following detailed instructions and in his ability to ask simple questions and request assistance. *Id.* She found the overall severity of Plaintiff's impairments was marked. *Id.* She stated his limitations were not primarily due to a substance use disorder and would persist following 60 days of sobriety. *Id.*

The ALJ found Dr. Wheeler's opinion not persuasive. AR 1404. Regarding the supportability of the opinion, the ALJ stated the marked limitations were "not supported by Dr. Wheeler's examination which found that the claimant was cooperative and fully oriented with normal speech, thought processes and content, perceptions, memory, fund of knowledge, abstract thoughts, and insight/judgment despite being anxious." *Id.* (citing AR 1387–88). Although the ALJ briefly noted Dr. Wheeler's finding of anxious mood, he omitted her findings that Plaintiff displayed friable[4] affect and had trouble concentrating because he was "distracted by anxiety and pain." AR 1387–88.

The ALJ did not explain how the unremarkable portions of Plaintiff's mental status examination conflicted with Dr. Wheeler's opined marked limitations, nor did he explain why he chose to discount the abnormal findings in Plaintiff's mood, affect, and concentration. Although the ALJ is responsible for resolving conflicts in the evidence, he must explain his reasoning to allow for this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Because the ALJ failed to provide such explanation here, the Court cannot say this finding is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate

---

[4] "Easily crumbled[.]" *Friable*, *Black's Law Dictionary* (12th ed. 2024).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

The ALJ also found the opined marked limitations "inconsistent with the records which show generally normal mental status examinations despite being anxious and at times restless," citing to notes from 17 behavioral health medication management appointments between November 2021 and September 2023. AR 1404 (citing AR 2127, 2131, 2142, 2148, 2152, 2158, 2162, 2166, 2179, 2186, 2192, 2198, 2205, 2213, 2255, 2673, 2697). Again, the ALJ did not explain why the normal findings were inconsistent with the marked limitations or why he chose to discount the frequent findings of anxious mood, restless psychomotor activity, and moderate to severe measures of anxiety and depression that were also present in the cited notes. *See id.* Without such explanation, the Court cannot conclude the ALJ's inconsistency finding is supported by substantial evidence. *See Ford*, 950 F.3d at 1149; *Brown-Hunter*, 806 F.3d at 492; *Blakes*, 331 F.3d at 569.

This error was not harmless. Had the ALJ properly evaluated Dr. Wheeler's opinion, the RFC may have included additional limitations, or the ultimate determination of disability may have changed. Accordingly, remand is appropriate.[5]

B.  *Remaining Issues*

Plaintiff also challenges the ALJ's evaluation of his testimony about the severity of his symptoms. Dkt. 15 at 1. As noted above, the Court concludes the ALJ committed harmful error in assessing certain medical opinion evidence and remand for further proceedings is appropriate. Due to this error, the ALJ must re-evaluate all the medical evidence, including all medical

---

[5] Plaintiff also challenges the ALJ's evaluation of medical opinion evidence from David T. Morgan, Ph.D.; Reginald Adkisson, Ph.D.; and Omar Gonzalez, PA-C. Dkt. 15 at 1. Because the Court finds the ALJ erred in evaluating Dr. Wheeler's opinion and reversal is warranted, the Court declines to consider these challenged opinions.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

opinion evidence and Plaintiff's testimony. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

### C. *Remedy*

Plaintiff briefly argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 15 at 2, 18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison*, 759 F.3d at 1020.

1    An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning October 1, 2019. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 26th day of September, 2025.

David W. Christel
United States Magistrate Judge